JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAZAR TONOYAN, an individual; and DOES 1-100, inclusive,<br><br>                     Plaintiffs,<br><br>          v.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company; KEYES EUROPEAN, a California Company; and DOES 1-10, inclusive,<br><br>                     Defendants. | Case No. 2:24-cv-11142-SPG-JPR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF NO. 9]** |

Before the Court is the Motion to Remand (ECF No. 9 ("Motion")) filed by Plaintiff Nazar Tonoyan ("Plaintiff"). The Court has read and considered the parties' submissions and concluded that the Motion is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

**I.   BACKGROUND**

The following facts are taken from the Complaint. (ECF No. 1-2 ("Compl.")). On or about November 17, 2022, Plaintiff purchased a vehicle from Defendants Mercedes-Benz USA, LLC ("Defendant MBUSA") and Keyes European ("Defendant Keyes"). (*Id.*

¶ 19). In connection with the sale, Defendant MBUSA issued to Plaintiff a written warranty to maintain the vehicle's performance for a limited period of time. (*Id.* ¶ 24). During the warranty period, according to Plaintiff, the vehicle began experiencing defects, prompting Plaintiff to return the vehicle to Defendant Keyes for repair. (*Id.* ¶ 38). To date, Plaintiff alleges that the repairs were unsuccessful, and the vehicle still experiences defects. (*Id.* ¶¶ 41–44).

On November 18, 2024, Plaintiff filed this lawsuit in the Los Angeles County Superior Court. The Complaint alleges the five following claims: (1) violation of California Lemon Law against Defendant MBUSA, (2) breach of implied warranty of merchantability against Defendants MBUSA and Keyes, (3) negligent repair against Defendants MBUSA and Keyes, (4) misrepresentation against Defendants MBUSA and Keyes, and (5) violation of Magnuson Moss Warranty Federal Trade Commission Improvement Act ("MMWA") against Defendant MBUSA. *See* (*id.* ¶¶ 62–130).

On December 26, 2024, Defendant MBUSA removed the action to this Court based on federal question jurisdiction and supplemental jurisdiction, pursuant to 28 U.S.C. §§ 1441 and 1446. *See* (ECF No. 1 ("Notice of Removal") at 2). Thereafter, Plaintiff filed this instant Motion to remand the action to state court. *See generally* (Mot.). Defendant MBUSA opposed the Motion. *See* (ECF No. 11 ("Opp.")).

## II.  LEGAL STANDARD

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1331, federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. *See* U.S. CONST., Art. III, § 2. "A case arises under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (cleaned up).

"The removal statute is strictly construed against removal jurisdiction . . . ." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566). Courts resolve any doubt about the right of removal in favor of remand. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

### III. DISCUSSION

The parties raise several arguments about whether Defendant MBUSA properly removed this action. The Court, however, need not address all arguments because the absence of Defendant Keyes' consent—or, at a minimum, an explanation for the absence of this consent—defeats Defendant MBUSA's removal. Accordingly, for the reasons discussed below, remand is appropriate.

As a general matter, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C.A. § 1446(b)(2)(A). Courts are to remand a removed action if the removal was procedurally defective. *See id.* § 1447(c). A "violation of the unanimity rule is a defect under § 1447(c)." *Atl. Nat'l Trust LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 938 (9th Cir. 2010). Here, Defendant MBUSA's Notice of Removal does not confirm that Defendant Keyes consented to removal. Nor does the Notice of Removal proffer any explanation for the absence of Defendant Keyes' consent.

Defendant MBUSA's instant Opposition argues in first instance that this defect does not warrant removal on two grounds; neither of which are persuasive. Defendant MBUSA first contends that, because Plaintiff did not assert any federal claims against Defendant Keyes, the removal procedures did not require Defendant Keyes' consent. *See* (Opp. at 10). To support its position, Defendant MBUSA cites 28 U.S.C. § 1441(c), which states:

(1) If a civil action includes—

    (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

    (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

  (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

  Stated differently, the Rule exempts unanimous consent for removal where: (1) an action involves both federal law and state law claims, and (2) the state law claims are not subject to original or supplemental jurisdiction, thereby requiring a federal court to sever such claims from the underlying action and remand to the state court. Defendant MBUSA suggests that this provision, specifically subsection (2), relieved its obligation to receive Defendant Keyes' consent for removal. Its reliance on § 1441(c), however, is misplaced because as stated in subsection (1)(B) of the statute, Plaintiff's state law claims against Defendant Keyes are within this Court's exercise of supplemental jurisdiction. *See Gregg v. Thurman*, No. 3:23-CV-01801-AN, 2024 WL 3106773, at *2 (D. Or. June 21, 2024) ("Applying § 1441(c) to the present case, if the Court lacks supplemental jurisdiction over the claim against [the non-consenting defendant], then [the removing] Defendants were not required to obtain consent and properly removed the case to this Court."); *see also Ettlin v. Harris*, No. SACV 13-1515-DOC, 2013 WL 6178986, at *4 (C.D. Cal. Nov. 22, 2013) (collecting cases explaining that § 1441(c) does not apply when all claims are subject to federal courts' exercise of either original or supplemental jurisdiction). Indeed, Plaintiff's federal MMWA claim and state law claims share a common nucleus of operative facts, thereby authorizing the Court to exercise supplemental jurisdiction over the state law

claims brought against Defendant Keyes. *See Bahrampour v. Lampert,* 356 F.3d 969, 978 (9th Cir. 2012) ("A state law claim is part of the same case or controversy when it shares a common nucleus of operative fact with the federal claims, and the state and federal claims would normally be tried together." (internal quotation marks omitted)). Accordingly, the general rule of unanimity for removal governs, and Defendant MBUSA's failure to obtain Defendant Keyes' consent renders its removal defective.

Defendant MBUSA's second argument to circumvent the consent requirement is similarly unavailing. Defendant MBUSA argues that Plaintiff failed to show proof of service to Defendant Keyes before removal, thereby relieving Defendant MBUSA of any obligation to obtain Defendant Keyes' consent. Defendant MBUSA asserts, for the first time in its instant Opposition, that this action's state court docket reflects that Plaintiff purportedly never filed a proof of service for Defendant Keyes. *See* (ECF No. 11-1 ("Narain Decl.") ¶ 10) (attaching a copy of this action's state court docket). However, the Notice of Removal did not affirmatively raise this purported lack of service or state that this lack of service eliminated the procedural requirement of obtaining Defendant Keyes' consent for removal. In fact, the removal notice does not reference Defendant Keyes at all. This deficiency is fatal because, "[w]here fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute, on other grounds, as recognized in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

To this point, district courts within this Circuit have analyzed the merits of removal by examining the adequacy of the removal notice. *See Sotelo v. Browning-Ferris Indus. of California, Inc.*, No. 2:20-CV-06927-SB-PVC, 2020 WL 7042816, at *3 (C.D. Cal. Nov. 30, 2020) (relying on *Prize Frize* to conclude that the notice of removal "require[d] an explanation for the absence of co-defendants who have not been served" and "[a]bsent such an explanation, the notice is deficient on its face"); *see also Vargas v. Riley*, No. 18-CV-00567-JST, 2018 WL 2267731, at *3 (N.D. Cal. May 17, 2018) (finding that the removing

defendant "fail[ed] to explain why it did not meet its burden to explain affirmatively the absence of any co-defendants in the notice of removal," notwithstanding that the removing defendant in its opposition to a remand motion raised that "there was no properly served defendant at the time of the removal"). In both *Sotelo* and *Vargas*, the facially defective removal notices warranted remand. Moreover, like Defendant MBUSA, the removing defendants in both cases argued—for the first time in their briefs opposing motions to remand—that the plaintiffs' failure to properly serve the non-consenting defendants discharged the unanimity rule for removal. However, such efforts were unsuccessful, because the courts stressed that the removing defendants may not improperly cure their defective removal notices by raising lack of service after the removal period ended. *See Sotelo*, WL 7042816, at *3 ("An explanation of [the non-consenting defendant's] absence in the opposition to motion to remand comes too late."); *Vargas*, 2018 WL 2267731, at *3 n.3 (declining to consider the removing defendant's basis for lack of consent raised in its opposition to remand after the removal deadline). In sum, "because the removal notice was facially defective and the deficiencies [remained] uncured within the thirty-day statutory period, removal was improper." *Prize Frize, Inc.*, 167 F.3d at 1266. Therefore, the Court finds that Defendant MBUSA's removal was improper.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion, REMANDS this action to Los Angeles County Superior Court, and orders this case be closed.

**IT IS SO ORDERED.**

DATED: May 27, 2025

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE